```
_____ FILED    _____ ENTERED
_____ LODGED   _____ RECEIVED
```

Kaleb Cole, Pro Se
220 11ᵗʰ Ave.
Seattle, WA 98122

JUL 16 2024   **MH**

AT SEATTLE
CLERK U.S. DISTRICT COURT
**BY** WESTERN DISTRICT OF WASHINGTON
**DEPUTY**

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| in re Kaleb Cole | Case No.: 2:20-cr-00032-JCC |
|  | Petition of Habeas Corpus Pursuant to 28 U.S.C. § 2255, |
|  | **2:24-cv-01062-JCC** |
|  | MOTION TO DISMISS CASE NO. 2:20-CR-00032-JCC, FOR LACK OF U.S. CONST. ARTICLE III STANDING |

Defendant Kaleb Cole, proceeding Pro se, moves this court to dismiss his case pursuant to 28 U.S.C § 2255(a).

**The Trial Court's subject matter jurisdiction was never invoked under docket no. 2:20-cr-00032-JCC, and therefore must be dismissed for lack of Article III standing.**

Article III of the United States Constitution provides courts with the judicial power to hear a "case or controversy". In order to have a "case" or "controversy", a party invoking the jurisdiction of a federal court bears the burden of establishing Constitutional Article III standing, Meland v. Weber, 2 F.4ᵗʰ 838, 843 (9ᵗʰ cir. 2021), at the inception of the prosecution at the time the complaint was filed. Gonzalez v. United States Immigration and Customs Enf't, 975 F.3d 788, 803 (9ᵗʰ cir. 2020); Los Angeles County Bar Ass'n. v. EU, 979 F.2d 697, 700 (1992) ("[S]tanding is a threshold matter which we must resolve before proceeding to the merits").

U.S. Const. Art. III is jurisdictional and cannot be waived, United States v. Cotton, 535 U.S. 625, 630 (2002); WildEarth Guardians v. U.S. Envtl. Prot. Agency, 759 F.3d 1064, 1070 (10ᵗʰ cir. 2014) ("standing is not

subject to waiver, and a court has an independent obligation to assure that standing exists, regardless of whether it is challenged by any of the parties."). See also <u>Summers v. Earth Island Institute</u>, 535 U.S. 488, 499 (2009). If the party invoking the judicial power of the court "lacks standing" then the Court therefore lacks subject matter jurisdiction. <u>in re Palmdale Hills prop.</u>, 654 F.3d 868, 873 (9th cir. 2011) ("Article III standing is a necessary component of subject matter jurisdiction."); "[I]f a plaintiff lacks Article III standing, Congress may not confer standing on that plaintiff by statute [including Title 18 U.S.C. § 371]… a suit brought by a plaintiff without Article III standing is **not** a 'case or controversy' and an Article III federal court therefore lacks subject matter jurisdiction over the suit in that event, the suit should be dismissed…" <u>Cetacean Cmty v. Bush</u>, 386 F.3d 1169, 1174 (9th Cir. 2004) (emphasis added, internal citations omitted); <u>Skaff v. Meridien N. Am. Beverly Hills LLC.</u>, 506 F. 3d 832, 838 (9th Cir. 2007). "The existence of standing turns on the facts as they existed at the time the plaintiff filed the complaint." If the party invoking the judicial power of the Court lacks standing, the federal court lacks subject matter jurisdiction and the suit must be dismissed. <u>United States v. Cotton</u>, 535 U.S. 625, 630 (2002).

In order to satisfy the requirements of Article III standing, a party must demonstrate "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." <u>Southcentral Found. v. Alaska Native Tribal Health Consortium</u>, 983 F.3d 411, 417 (9th cir. 2020). These requirements must be established at the time the complaint is filed and cannot be manufactured afterward. <u>Wilbur v. Locke</u>, 423 F.3d 1101, 1107 (9th cir. 2005); "[A]s a general rule, however, 'standing is determined as of the commencement of the litigation. The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed. as with all questions of subject matter jurisdiction, except mootness, standing is determined as of the date of the filing of the complaint… to establish its standing". <u>in re Shugg</u>, No. 15-15872 (9th Cir. 2017) (internal citations omitted).

The "take case" clause under Article II § 3 of the Constitution of the United States says that the President "shall take care that the laws of the United States be faithfully executed, and shall commission all the officers of the United States." As briefly described in <u>Lampley v. United States</u>, U.S. Dist. LEXUS 126302 (July 16 2020), "the executive branch of the federal government has exclusive jurisdiction to commence criminal charges" and that "in the context of criminal prosecutions, Congress has done so by authorizing the United States Attorney, within each judicial district to 'prosecute for all offenses against the United States.'" Upon further review of Title 28 U.S.C. §

547, "United States Attorneys have responsibility… to prosecute all offenses against the United States except as otherwise provided by law." Further, "federal courts have no jurisdiction of cases prosecuted in the name of the United States unless they are prosecuted by the United States Attorney." United States v. Bryson, 434 F. Supp. 986 (W.D. Okla. 1977).

"The prosecution of criminal actions in the federal courts is a matter solely within the discretion of the Attorney General and duly authorized United States Attorneys. The Court would *not* accept for filing a complaint which had not been authorized by the United States Attorney." See id. at 988. FRCrP rule 3, in the notes to decisions, references United States v. Panza, 381 F. Supp. 1133, 1138 (W.D. Pa. 1974), in the footnotes, "1. Except as otherwise provided by law, each United States Attorney, within his district shall – (1) prosecute for all offenses against the United States. 2. (a) the Attorney General or any other officer of the Department of Justice, or any other attorney specially appointed by the Attorney General, under law, may when specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrates, which United States Attorneys are authorized by law to conduct, whether or not he is a resident of that district in which the proceeding is brought."

A United States Attorney must show standing by alleging that an injury in **fact** has been committed by charging an actual offense against the laws of the United States. "All legislation is prima facie territorial." New York Central R. Co. v. Chisholm, 268 U.S. 29, 32 (1925). When alleging an offense against the laws of the United States, the crime must have been committed within the Special Maritime and Territorial Jurisdiction of the United States according to Tile 18 U.S.C. § 7(3). Yenkichi Ito v. United States, 64 F.2d 73, 74-75 (9th cir. 1933); United States v. Smiley et al., 27 F. Cas. Page 1132 no. 16, 317 (1864). "It is true that the criminal jurisdiction of the United States is in general based on the territorial principle." United States v. Flores, 289 U.S. 137, 155 (1933). And a United States Attorney can only prosecute for offenses committed within the territorial jurisdiction of the United States, as defined under title 18 U.S.C. § 5. According to title 18 U.S.C. § 10, Interstate Commerce "as used in this title, includes commerce between one State, Territory, Possession, or the district of Columbia and another State, Territory Possession, or the district of Columbia." While Congress "may legislate in respect to all arid lands within their limits [...] it does not grant to Congress any legislative control over the States, and must, so far as they are concerned, be limited to authority over the property belonging to the United States within their limits.". Kansas v. Colorado, 206

U.S. 46, 89, 92 (1907), and "the states have no power directly to enlarge or contract federal jurisdiction." Duchek v. Jacobi, 646 F.2d 415, 419 (9ᵗʰ cir. 1981)


Without Article III standing, a court moving past the complaint and onto the merits is assuming jurisdiction under the doctrine of hypothetical jurisdiction which produces *nothing* more than **advisory** opinions "because it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers." Steel Co. v. Citizens for a Better Env't., Supra, 523 U.S. 83 (1988).


### The Facts

On 2/25/2020, when case no. 2:20-cr-00032-JCC was filed by complaint no. 2:20-mj-00088-MAT, United States Attorneys Brian T. Moran, Todd Greenberg, Thomas M. Woods, and Seth Wilkinson (or any other United States Attorney), as the plaintiff's representatives did **not** file a presentment, complaint, indictment, charging instrument, or any other document whatsoever – as the unbiased record will show – and therefore never invoked the power of the Court and as a result failed to establish Article III standing. "This Court has consistently held that the date of the filing… marks the inception." Northern v. United States, 455 F.2d 427, 429 (9th Cir. 1972); Benson v. United States, 402 F.2d 576 (9ᵗʰ cir. 1968). Circuit courts must establish jurisdiction before moving on any merits decisions. Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 98-110 (1988). "The core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-561 (1992). "[S]tanding 'is perhaps the most important of [the jurisdictional] doctrines." United States v. Hays 515 U.S. 737, 742 (1995) (internal citations omitted). "Article III of the Constitution, from which standing derives, governs our jurisdiction **in every type of case**… to have a case or controversy, a litigant must establish that he has standing, which must exist 'throughout *all* stages of litigation.'" United States v. Amodeo, 916 F.3d 967 (11th Cir. 2019) (emphasis added, internal citations omitted); See also Hollingsworth v. Perry, 570 U.S. 693, 705 (2013). As such case no. 2:20-cr-00032-JCC must be dismissed for failure to establish Article III standing and this Court cannot consider any document that was filed or any event that occurred which was filed after the date of filing of the federal criminal complaint in order to establish Article III standing.

**Conclusion**

If and until it is proven by any pertinent authority to establish Article III standing at the beginning of the proceedings – which this Court is confined to the specific date of 2/25/2020 – then the defendant's conviction must be dismissed.


Dated this 16th of July, 2024.

s/ Kaleb Cole, Pro Se

**Certificate of Service**

I hereby certify that as of this date, July 16th 2024, copies of the foregoing pro se document were hand delivered to attorney(s) representing the government in this case:


Thomas M. Woods

United States Attorney's Office

700 Stewart Street, Suite 5220

Seattle, WA 98101-1271


Seth Wilkinson

United States Attorney's Office

700 Stewart Street, Suite 5220

Seattle, WA 98101-1271


Dated this 16th of July, 2024.

s/ Kaleb Cole, Pro Se