THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KALEB J. COLE,<br><br>              Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>              Respondent. | CASE NO. C24-1062-JCC<br><br>ORDER |

This matter comes before the Court on Kaleb Cole's motion for reconsideration (Dkt. No. 5). Having thoroughly considered the briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

Mr. Cole seeks reconsideration of the Court's order (Dkt. No. 4) denying service of his motion to vacate, set aside, or correct his sentence, brought pursuant to 28 U.S.C. § 2255 (Dkt. No. 1). (*See generally* Dkt. No. 5.) Under the Local Rules, "[m]otions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny [them] in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

Mr. Cole asserts the Court committed manifest error here when it failed to provide specific findings of fact and conclusions of law in finding, based on the record before it, he is not entitled to the relief sought through his petition, such that service under 28 U.S.C. § 2255(b) was

not required. (*See* Dkt. No. 5 at 3.) The Court reaffirms that finding here. It does so based on the following findings of fact and conclusions of law:

1. On February 25, 2020, the Honorable Mary A. Theiler, United States Magistrate Judge, signed a complaint alleging Mr. Cole committed the crime of Conspiracy to Mail Threatening Communications and Commit Cyberstalking. *See U.S. v. Cole*, Case No. CR20-0032-JCC-2, Dkt. No. 1 (W.D. Wash. 2020).

2. On March 4, 2020, a grand jury indicted Mr. Cole for Conspiracy to Mail Threatening Communications and Commit Cyberstalking (Count 1) and Mailing Threatening Communications (Counts 2–4). *Id.* at Dkt. No. 16.[1]

3. Mr. Cole had an initial appearance and arraignment pursuant to Federal Rules of Criminal Procedure 5, 5.1, 10, and 11. *Id.* at Dkt. Nos. 13, 27.

4. These charging documents were proper. *See* Fed. R. Crim. P. 7.

5. The Court had standing to hear Mr. Cole's charges. *See Benson v. U.S.*, 402 F.2d 576, 580 (9th Cir. 1968).

6. To the extent Mr. Cole now suggests a denial of due process, he did not raise this issue at trial and, therefore, "it is no longer open to him." *Estrella v. U.S.*, 429 F.2d 397, 399 (9th Cir. 1970).

Having provided specific findings of fact and conclusions of law, the Court finds no possibility of manifest error in concluding that service of Mr. Cole's petition (Dkt. No. 1) on the Government was not required. Nor does it find that it committed manifest error in denying Mr. Cole a certificate of appealability, as it reaffirms its conclusion that a reasonable jurist could not conclude the petition states a valid claim for relief. *See U.S. v. Winkles*, 795 F.3d 1134, 1143 (9th Cir. 2015).

On this basis, the Court DENIES Mr. Cole's motion for reconsideration (Dkt. No. 5).

//

---

[1] A superseding indictment was later entered. *See id.* at Dkt. No. 94.

DATED this 8th day of August 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C24-1062-JCC
PAGE - 3